IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


CORVACK SHAW v. STATE OF TENNESSEE


Direct Appeal from the Criminal Court for Shelby County
No. 93-08189; 93-08190   W. Otis Higgs, Jr., Judge

———————

No. W2005-01332-CCA-R3-PC  - Filed March 7, 2006

———————


The Petitioner, Corvack Shaw, appeals the lower court's denial of his motion requesting relief from an invalid sentence. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to establish his entitlement to relief from an unconstitutional or invalid sentence. Accordingly, we affirm the trial court's dismissal.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ.  joined.

Gregory Thomas Carman, Memphis, Tennessee, for the Petitioner, Corvack Shaw.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**

        The Petitioner, Corvack Shaw, was indicted in September 1993 for first degree murder and attempt to commit first degree murder.  On November 3, 1994, Petitioner Shaw entered guilty pleas to one count of murder in the second degree and one count of attempt to commit first degree murder.

1

For the second degree murder conviction, the trial court imposed a range III sentence of forty-five (45) years. For the attempted first degree murder conviction, the trial court imposed a range I sentence of fifteen (15) years. The trial court further ordered that the sentences be served concurrently.

The Petitioner first sought post-conviction relief on July 15, 1999. This petition was dismissed as time-barred. On May 24, 2000, the Petitioner filed a second petition for post-conviction relief. The trial court summarily dismissed the petition as time-barred. *See Corvack Shaw v. State*, No. W2000-01567-CAC-R3-PC (Tenn. Crim. App., at Jackson, Jun. 26, 2001) (*order*). This Court affirmed the trial court's summary dismissal. *Id.* A third petition was filed on May 2, 2002. This petition was dismissed on May 10, 2002.

On October 18, 2004, the Petitioner filed, *pro se*, a pleading in the Shelby County Criminal Court captioned "Constitutional Challenge to Vacate Invalid Sentence."[1] The pleading challenged the legality of the Petitioner's sentences based upon the United States Supreme Court decisions in *Apprendi v. New Jersey* and *Blakely v. Washington.* The State orally responded to the pleading on April 26, 2005. The State noted that the Petitioner, who had exhausted his remedies for post-conviction relief; this being the fifth petition for post-conviction relief. The State further advised the court that the Petitioner was attempting for relief through an extraordinary writ. In this regard, the State noted that the Petitioner "has not raised any claim which the Tennessee law has any relief for." The trial court summarily dismissed the petition by order entered April 26, 2005. The court then appointed counsel for purpose of appeal. Appointed counsel filed a timely notice of appeal document.

The Petitioner filed a pleading captioned "Constitutional Challenge to Vacate Invalid Sentence," with reliance upon section 29-1-106, Tennessee Code Annotated. In its order denying relief, the trial court apparently treated the petition as one seeking habeas corpus relief, in that it relied upon section 29-21-101, Tennessee Code Annotated. While the exact nature of the Petitioner's motion is unclear, any appeal thereof fails for several reasons.

The motion may not be treated as a motion for correction or reduction of sentence as the motion was not filed within the 120-day time limit for filing the motion. *See* Tenn. R. Crim. P. 35(b). Similarly, the motion is procedurally barred if treated as a petition for post-conviction relief. *See* T.C.A. § 40-30-102(a), (c) (must be filed within one year of judgment becoming final; only one petition for relief may be filed). While due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a meaningful manner, *State v. McKnight,* 51 S.W.3d 559 (Tenn. 2001); *Seals*

---

[1]The pleading cited to section 29-1-106, Tennessee Code Annotated, as the basis for the filing. Section 29-1-106 provides: "Injunctions, attachments, except as otherwise provided, writs of ne exeat, and other extraordinary process are granted by the chancellors, circuit judges, and judges of criminal and special courts."

*v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992), the exceptions to the statute of limitations are explicitly limited, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* T.C.A. § 40-30-102(b)(1)-(3). Petitioner asserts that a claim he alleges is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial. Specifically, Petitioner asserts that the United States Supreme Court's decision in *Blakely v. Washington* invalidates the sentences imposed by the trial court. This Court has previously held that retrospective application of the rule in *Blakely* to cases on collateral review is not required. *See Issac Herron v. State,* No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order* ). Accordingly, Petitioner has failed to establish a ground that would toll the statute of limitations.

The Petitioner had filed prior petitions for post-conviction relief, thus, we may construe the pleading as a motion to reopen a petition for post-conviction relief. However, even treating the pleading as such, it fails. First, the appeal fails as the Petitioner has not satisfied the procedural requirements for vesting jurisdiction in this Court. *See* T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28 § 10(b). The appeal was not filed within ten days of the lower court's ruling, no application for permission to appeal was filed and the notice of appeal was filed in the trial court, not this Court. Nothing in the notice of appeal document would indicate that it could be effectively treated as an application for permission to appeal. *See Graham v. State,* 90 S.W.3d 687, 691 (Tenn. 2002). Neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements for vesting jurisdiction. *See Mario Gates v. State*, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at *2 (Tenn. Crim. App., at Jackson, Dec. 31, 2003). Moreover, even had the Petitioner properly invoked this Court's jurisdiction, the application would fail on its merits. The Petitioner asserts that the *Blakely* created a new rule of constitutional law. This Court has previously held that retrospective application of the rule announced in *Blakely v. Washington* to cases on collateral review is not required. *See Issac Herron v. State,* No. W2004-02533-CCA-R28-PC; *see also State v. Gomez*, 163 S.W.3d 632, 650-51 (Tenn.), *reh 'g denied*, (2005). Thus, the Petitioner failed to allege a ground under which a petition for post-conviction relief may be reopened.

Finally, the petition also fails if treated as an application for habeas corpus relief. Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts*, 833 S.W.2d at 62. In the present case, the Petitioner attacks the validity of his convictions because he was denied his right to trial by jury with regard to sentencing. This Court has previously rejected this claim in the habeas corpus context, concluding that such claims are voidable, not void, and that the *Blakely* holding is not to be applied retroactively. *See Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Additionally, we note that, if treated as an application for habeas corpus relief, the application was filed in the wrong court. *See* T.C.A.

§ 29-21-105 (petition for habeas corpus must be made to court most convenient to the location of the petitioner).

The Petitioner has failed to establish that he is entitled to relief. The trial court properly dismissed the motion requesting relief from an invalid sentence. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE